CAROLINE T. Doss, Plaintiff in Error, *vs.* THOMAS W. DAVIS AND JAMES M. ARNOLD, Defendants in Error.

1. *Bill in equity to re-docket case on the ground of fraudulent defense and removal of cause from docket.*—Where it appears that through the fraud and combination of the attorneys, a false and sham defense to plaintiff's suit is interposed, and the court is so practiced upon and deceived that no judgment is obtained, and, without any order or action of the court, the case is suffered to disappear from the docket, plaintiff will be entitled, on a proper case presented, to have the cause re-docketed and a trial instituted on the pleadings as they remain on the files of the court.

*Error to Buchanan Circuit Court.*

*Murat Masterson,* for Plaintiff in Error.

I. Courts of equity have original, independent and inherent jurisdiction in cases like the one at bar. (Sto. Eq. Jur., 252, and cases cited, Id., 256 ; Kerr on Fraud & Mist., 43, 44, and cases cited, 252, 293–4 ; Reigal vs. Wood, 1 Johns. Ch., 401 ; Barnesly vs. Powell, 1 Ves., 120, 284, 289 ; Phalen vs. Clark, 19 Conn., 421 ; White vs. Hall, 12 Ves., 324 ; Wilson vs. Watt, 9 Md., 359 ; 2 Smith, L. C., 687 ; Browwood vs. Edward, 2 Ves., 246 ; Bridgeman vs. Green, Id., 627 ; Hugeniere vs. Rasely, 14 Ves., 289 ; Phelps vs. Peabody, 7 Cal., 52 ; Robb vs. Robb, 6 Cal., 22 ; Luttrel vs. Lord Waltham, 4 Ves., 290 ; S. C. 11 Ves., 638 ; Goss vs. Tracey, 1 Wil., 288 ; Thynn vs. Thynn, 1 Vern., 296 ; Chamberlain vs. Agar, 2 Ves. & B., 259.) And plaintiff is entitled to have her case re-docketed, and set down on hearing. Defendants ought not to have the advantage they claim under the judgment.

*Hall & Merryman,* for Defendants in Error.

I. The petition does not state any cause of action. Plaintiff can sue Davis at any time on the note described in her petition. The dismissal of the suit as to Davis, as stated in the petition, is no bar to another suit.

II. The statute of limitations must be pleaded in actions at law ; and, if pleaded to the new action which plaintiff may bring on said note, she could reply the facts set up in the petition in this case ; and if they constitute a good reply, full effect would be given to them. (19 Mo., 64, 65.)

Doss v. Davis.

III. If this suit can be maintained, a similar suit could be maintained in all cases of non-suit upon the allegations of fraud in obtaining said non-suit. · This would be a novel practice.

WAGNER, Judge, delivered the opinion of the court.

This was a petition in the nature of a bill in equity. In substance it charges that in 1861, the plaintiff placed in the hands of Ebenezer N. O. Clough, an attorney at law, a promissory note against Davis and Arnold for collection ; that Clough instituted suit thereon, in the Platte. County Circuit Court, and that personal service was had on both of the defendants ; that Arnold was entirely insolvent at the time and has remained so ever since, and that Davis was then and is now solvent and possessed of a large amount of real and personal property ; that Arnold made no appearance, and judgment was rendered against him by default.

The petition then alleges that plaintiff's attorney, Ebenezer N. O. Clough and defendants' attorney, W. McN. Clough, were brothers, and that they and the defendant Davis entered into a conspiracy and combination to defraud and cheat plaintiff, and in execution of this design it was agreed that defendant, Davis, should put in his separate answer, denying the allegations in the petition, and that the trial, as to him, should be a sham ; that the answer was false in every particular, and known so to be by her attorney and Davis who filed it ; that by the conspiracy entered into between the parties, the court was imposed upon in rendering its orders and judgment, and the plaintiff was defrauded out of her rights, and prevented from getting a judgment against Davis, who was the only solvent party defendant ; that after the judgment was taken against Arnold, nothing further was done with the case, but it was permitted to be dropped from the docket; that plaintiff was a resident of the State of Kentucky, and that she was kept in ignorance of the true state of the case by the false and fraudulent representations of her attorney ; that immediately after becoming possessed of the facts, she took steps as

soon as she conveniently could, to set aside the fraudulent proceedings.

The prayer was that the judgment against Arnold might be set aside, and the cause re-docketed, and a trial had against Davis on the merits.

To this petition Davis filed his answer, and the plaintiff replied.

In the court below, the defendant, Davis, moved for judgment in his favor on the pleadings, because the petition stated that in the year 1864, the case was tried in the Platte County Circuit Court, and that the court found for plaintiff as against Arnold, and rendered judgment against him ; that the plaintiff in this suit, upon a petition in the nature of a bill of review, asked for a new trial as to the defendant, Davis, when no judgment had ever been rendered against him ; he therefore asked the court to dismiss the plaintiff's petition because there was no judgment to review.

The court sustained this motion, and the plaintiff prosecuted her writ of error.

The motion of the defendant was based on a wrong theory— a mistaken assumption of facts. The petition is not in the nature of a bill of review, nor does it seek to review any judgment rendered against Davis, the defendant. It proceeds directly upon the opposite view, that through the alleged fraud, connivance and conspiracy of the parties, no judgment at all was rendered.

As to the prayer, that the judgment against Arnold be set aside, that may be disregarded, so far as Davis is concerned. The judgment was properly taken against him, as he made no defense, but it was improperly made final, in consequence of the fraud of Davis and the attorneys. It may be set aside and the trial continued as if it had never been taken.

Courts of equity have full power to relieve against fraudulent acts which have prevented those things from being done which would have legally and justly been done, but for the false and fraudulent statements which induced the prevention.

Where there has been a fraudulent prevention or suppression, the court will take from the party himself, the benefit which he may have derived from his own fraud, imposition or undue influence, and restore the injured party to the position he was in, if possible, when he was displaced by the fraud. (1 Sto. Eq. Jur., § 256.)

In the present case there was no adjudication against the defendant. It is charged that a false answer was put in, that the court was imposed on and deceived, and without any order, action or judgment, the case in some mysterious manner disappeared from the docket. If the plaintiff should prove her allegations, and it should be made to appear that this result was produced by the fraud, combination and conspiracy of Davis and the attorneys, she would be entitled to have the case re-docketed, and to have a trial on the pleadings as they remained on the files of the court.

The judgment will, therefore, be reversed and the cause remanded. The other judges concur.